UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| COREY ALAN BENNETT, ) | |
| ) | |
| Plaintiff, ) | No. 3:14-cv-02338 |
| ) | Judge Campbell |
| v. ) | |
| ) | |
| TENNESSEE DEPARTMENT OF ) | |
| CORECTIONS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**M E M O R A N D U M**

Plaintiff Corey Alan Bennett (#509793), an inmate confined at Riverbend Maximum Security Institution in Nashville, Tennessee, brings this *pro se* action under 42 U.S.C. § 1983 alleging that the defendants have failed to protect him from violence by other prisoners. (Docket No. 1). The plaintiff has filed an application to proceed *in forma pauperis*. (Docket No. 2).

The plaintiff is well aware (*see* Docket No. 1 at p. 5) that he falls within the scope of 28 U.S.C. § 1915(g), which bars prisoners from bringing a civil action or appealing a judgment in a civil action *in forma pauperis* if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Because he has had many more than three lawsuits previously dismissed as frivolous or

1

for failure to state a claim,[1] Plaintiff Bennett may not proceed *in forma pauperis* and must instead pay the full filing fee in advance in order to pursue his lawsuit, <u>unless</u> he is under imminent danger of serious physical injury. *Wilson v. Yaklich*, 148 F.3d 596, 603-04 (6th Cir. 1998).

Bennett alleges that he is in imminent danger because, on October 24, 2014, Unit Manager Christie Thomas told several gang members that the plaintiff "was snitching on them and that she wanted [the plaintiff] killed." (Docket No. 1 at pp. 5-6). The plaintiff alleges that, on October 25, 2014, and October 29, 2014, these gang members "whooped" him and caused him bodily harm. (*Id.*) According to the plaintiff, Thomas shared the plaintiff's personal contact information with these gang members, who then called the plaintiff's parents, demanding money and threatening to kill the plaintiff if they were not given money. (*Id.*)

The plaintiff alleges that he met with defendants Warden Charles Carpenter, Associate Wardens Tony Mays and Carolyn Jordan, and Captain Ernest Lewis to voice his concerns, but they told him that he was getting what he deserved after filing grievances against the staff. (*Id.*) Defendant Michael Keys, an internal affairs sergeant, allegedly has knowledge of the threats to the plaintiff's well-being, but has ignored them and even personally threatened the plaintiff's life. (*Id*. at p. 6).

For the purposes of § 1915(g), the court considers whether a plaintiff is in imminent danger

---

[1] *See, e.g., Bennett v. Isaacs*, No. 3:13-cv-299 (E.D. Tenn. Oct. 10, 2013)(dismissing complaint as frivolous and for failure to state a claim); *Bennett v. Sexton*, No. 3:13-cv-494 (E.D. Tenn. Oct. 15, 2013)(dismissing complaint as frivolous and for failure to state a claim); *Bennett v. Sexton*, No. 3:13-cv-538 (E.D. Tenn. Oct. 15, 2013) (dismissing complaint as frivolous and for failure to state a claim); *see also Bennett v. Speed*, No. 2:14-cv-14 (E.D. Tenn. Feb. 21, 2014) (denying Bennett leave to proceed *in forma pauperis* on the basis that he is subject to the three-dismissal prohibition); *Bennett v. Roberts*, No. 1:14-cv-1113 (W.D. Tenn. May 21, 2014) (denying Bennett leave to proceed *in forma pauperis* on the basis that he is subject to the three-dismissal prohibition). More recently, this court granted Bennett leave to proceed *in forma pauperis*, finding that Bennett had alleged imminent danger of a serious physical injury while incarcerated at the Riverbend Maximum Security Prison. *See Bennett v. Henry et al.*, 3:14-cv-01958 (M.D. Tenn. October 22, 2014)(Campbell, J.).

2

at the time of the filing of the complaint. *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) ("[T]he plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing."). Although the United States Court of Appeals for the Sixth Circuit has not offered a precise definition of imminent danger, it has suggested that the threat of serious physical injury "must be real and proximate." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008). Moreover, the Sixth Circuit has noted that "[t]he imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver*, 416 F. App'x at 562.

As a *pro se* plaintiff, Bennett is entitled to have his complaint liberally construed. *Vandiver*, 416 F. App'x at 562. Moreover, at this stage in the proceedings, the court must accept as true the factual allegations in the complaint, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). The court cannot decline pauper status simply because it finds the factual allegations of imminent danger to be improbable or unlikely. *Id.*

With these principles in mind, the court finds that the complaint alleges a presently existing, continuing imminent danger to the plaintiff's well-being. The plaintiff alleges that defendant Thomas, a unit manager presumably with authority over the plaintiff, encouraged or incited other inmates to "whoop" the plaintiff, and that these inmate gang members in fact harmed the plaintiff on two specific occasions. The plaintiff further alleges, as an ongoing matter, that the Warden, Associate Wardens, Captain, and Sergeant are unwilling to protect the plaintiff because they believe he is getting what he deserves for the number of grievances filed by the plaintiff. In addition, the plaintiff contends that Sergeant Keys has threatened to kill the plaintiff himself. As unlikely as these allegations appear to be, they are not necessarily delusional or irrational, and the court must, for now, accept them as true. The court therefore finds that the plaintiff has alleged imminent danger

3

of serious physical injury. In addition, even though the plaintiff did not specifically request prospective injunctive relief to prevent the alleged threats of harm from reoccurring or the alleged death threats from coming to fruition, the court liberally construes the complaint as implying a request for such relief. Accordingly, the court will grant the plaintiff permission to proceed *in forma pauperis*.

Having determined that the plaintiff may proceed as a pauper, the plaintiff's complaint is before the court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

Plaintiff Bennett seeks relief pursuant to 42 U.S.C. § 1983. (Docket No. 1 at p. 1). To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

After reviewing the complaint, the court finds that the plaintiff has stated viable claims under

4

42 U.S.C. § 1983 against all named defendants, except the Tennessee Department of Corrections (TDOC), for purposes of the initial screening required by 28 U.S.C. § 1915A. The plaintiff's allegations that, earlier this year, the defendants were well aware of the danger to plaintiff yet failed to protect him from physical injuries caused by other inmates–even inciting the inmates' acts of violence against the plaintiff in some instances–states an actionable claim under the Eighth Amendment of the United States Constitution. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998)(prison officials have a duty to protect prisoners from violence suffered at the hands of other prisoners). Although it is unclear at this early stage of litigation whether the plaintiff ultimately can prevail on these Eighth Amendment failure to protect claims, the court finds that the plaintiff's allegations are not frivolous or malicious, and the defendants alleged to be involved must respond to the plaintiff's complaint.

As to defendant TDOC, the plaintiff does not mention TDOC anywhere the statement of facts. Moreover, the Eleventh Amendment to the United States Constitution bars civil rights against a state and its agencies and departments in federal court. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief" against a state and its agencies. *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir.1993). TDOC is a department of the state of Tennessee and therefore is immune from suit under Section 1983. *See Netters v. TDOC*, 2005 WL 2113587, at \*3 (W.D. Tenn. Aug. 30, 2005). Thus, the plaintiff's claims against TDOC must be dismissed.

In conclusion, the court finds that the plaintiff has alleged imminent danger of serious physical injury and therefore permits the plaintiff to proceed *in forma pauperis* in this action. Further, having conducted the review required by the PLRA, the court determines that the plaintiff's

claims against the State of Tennessee must be dismissed. However, the plaintiff's Eighth Amendment failure to protect claims against the remaining defendants state colorable claims under 42 U.S.C. § 1983.

An appropriate order will enter.

Todd J. Campbell
United States District Judge